## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:20-CV-00670-DJH-CHL

**ROSALYN L. SMITH,**                                                                                                **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                                       **Defendant.**

## REPORT AND RECOMMENDATION

On September 23, 2020, Rosalyn L. Smith ("Smith") filed this lawsuit against the Commissioner but failed to either pay the filing fee or tender a summons with her Complaint. (DN 1.) Shortly after the filing of Smith's Complaint, the Court issued notices of deficiency directing Smith to (1) either pay the $400.00 filing fee or to file a fully completed Application to Proceed Without Prepayment of Fees and Affidavit and (2) tender a summons with her Complaint. (DNs 3, 4.) The Court gave Smith seven days to remedy the deficiencies. She did not respond.

On November 5, 2020, the Court entered an order noting Smith's failure to comply with the previously-issued notices of deficiency. (DN 5.) The Court gave Smith through December 4, 2020, to (1) either pay the $400.00 filing fee for this action in full or file an application to proceed without prepayment of fees and (2) tender a summons to be issued by the Clerk. (*Id.*) The Court warned Smith that failure to comply with Court orders could result in dismissal of her case. (*Id.*) Smith did not respond or otherwise take action to correct the deficiencies.

On December 18, 2020, the Court issued a show cause order based on Smith's failure to respond. (DN 6.) The Court directed Smith to show cause in writing as to why she did not comply with the Court's November 5, 2020, Order. (*Id.*) In the alternative, the Court indicated that Smith could show cause by (1) either paying the $400.00 filing fee for this action in full or filing an

application to proceed without prepayment of fees and (2) tendering a summons to be issued by the Clerk. (*Id.*) The Court warned Smith that failure to respond to the show cause order would result in the issuance of a recommendation that her case be dismissed. (*Id.*) Smith failed to show cause in writing or take the alternative steps identified in the Court's order.

"It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 703 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) and *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. This is true even in cases where the plaintiff is *pro se*. While federal courts generally afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, "the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case." *Thomas v. Liles*, No. 3:16-CV-251-JHM, 2016 U.S. Dist. LEXIS 124755, *1-2 (W.D. Ky. Sept. 14, 2016) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Here, the Court has repeatedly warned Smith about the potential consequences of failure to comply with Court Orders. The Court also gave Smith multiple opportunities to cure her deficiencies. However, if Smith will not respond to orders issued by this Court, it is unclear how this action may proceed.

For the reasons set forth above, the undersigned **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE**.[1]

Colin H Lindsay, Magistrate Judge
United States District Court

cc: *Pro se* Plaintiff (via certified mail), Counsel of record

February 9, 2021

## Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).

---

[1] The undersigned issues a recommendation because though this matter was initially assigned solely to the undersigned pursuant to the provisions of General Order 2019-11, Smith has not yet indicated her consent for the undersigned to conduct any or all proceedings in this matter and order entry of judgment in this case. 28 U.S.C. 636(c)(1). Accordingly, the undersigned is without authority to dismiss the instant case for failure to prosecute and may only recommend the same to a District Judge.